# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# NEW ALBANY DIVISION

| | | |
|---|---|---|
| EUGENE E. SALESMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:18-cv-00096-TWP-DML |
| | ) | |
| YELLOW AMBULANCE SERVICES, | ) | |
| | ) | |
| Defendant. | ) | |

## ENTRY ON MOTIONS *IN LIMINE*

This matter is before the Court on Motions *in Limine* filed by Defendant Yellow Ambulance Services ("Yellow Ambulance") (Filing No. 54) and Plaintiff Eugene E. Salesman ("Mr. Salesman") (Filing No. 55). This case is scheduled for a trial by jury to begin on Monday, February 10, 2020. In anticipation of that trial, both parties have moved the Court to rule on various evidentiary issues. For the following reasons, Yellow Ambulance's Motion *in Limine* is **granted in part and denied in part,** and Mr. Salesman's Motion *in Limine* is **granted in part and denied in part**.

### I.    BACKGROUND

On May 15, 2016, Yellow Ambulance provided emergency services to Mr. Salesman after he suffered a seizure at his home. Mr. Salesman alleges that in responding to the dispatch, Yellow Ambulance employees were grossly negligent and failed to follow the applicable standard(s) of care in extricating the him from his home and in transporting him to the dispatched ambulance. Said negligence and/or breach of the standard(s) of care caused Mr. Salesman to fall and suffer multiple fractures in his leg, causing severe and permanent injuries and damages. Yellow Ambulance denies any negligence and asserts that due care was exercised. Yellow Ambulance

alleges the evidence will show that Mr. Salesman was noncompliant with questioning and directives. He was moving from room to room unassisted despite being advised to stay seated. As Mr. Salesman was assisted to a stretcher by an employee of Yellow Ambulance, he misstepped onto his porch and rolled his right ankle. Yellow Ambulance denies that it caused or contributed to any injury to Mr. Salesman's ankle. Mr. Salesman filed a Complaint in May 2016 in Clark County Circuit Court and Yellow Ambulance removed this action to federal court. ([Filing No. 1](Filing No. 1).) On December 31, 2019, Yellow Ambulance filed a Motion *in Limine* asking the Court to rule on various evidentiary matters. ([Filing No. 54](Filing No. 54).) On January 3, 2020, Mr. Salesman did the same. ([Filing No. 55](Filing No. 55).)

## II. <u>LEGAL STANDARD</u>

"[J]udges have broad discretion in ruling on evidentiary questions during trial or before on motions *in limine*." *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). The court excludes evidence on a motion *in limine* only if the evidence clearly is not admissible for any purposes. *See Hawthorne Partners v. AT&T Technologies, Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). Unless evidence meets this exacting standard, evidentiary rulings must be deferred until trial so questions of foundation, relevancy, and prejudice may be resolved in context. *Id.* at 1400-01. Moreover, denial of a motion *in limine* does not necessarily mean that all evidence contemplated by the motion is admissible; rather, it only means that, at the pretrial stage, the court is unable to determine whether the evidence should be excluded. *Id.* at 1401.

## III. <u>DISCUSSION</u>

Each party has filed a Motion *in Limine* with multiple facets. The Court will address each Motion separately.

A. **<u>Yellow Ambulance's Motion *in Limine* ([Filing No. 54](#))</u>**

Yellow Ambulance asks the Court to rule on eight evidentiary issues. It argues: (1) Mr. Salesman's treating healthcare providers should not be allowed to testify beyond the scope of their own diagnosis and treatment; (2) Mr. Salesman's expert witness should be prohibited from offering opinions not contained in Mr. Salesman's expert witness disclosures; (3) lay witnesses should be precluded from offering expert opinions; (4) hearsay statements of healthcare providers should be excluded; (5) evidence of insurance or coverage should be excluded; (6) other lawsuits or allegations of negligence involving Yellow Ambulance should be excluded; (7) any reference to Mr. Salesman or his family as "victims" should be excluded; (8) expert reports should not be introduced into evidence[1]. ([Filing No. 54](#).) In his Response, Mr. Salesman only addresses the first issue—whether his treating healthcare providers should be allowed to testify as experts. ([Filing No. 59](#).)

1. **<u>Treating Healthcare Providers' Testimony</u>**

Yellow Ambulance asserts that Mr. Salesman's treating healthcare providers were not properly disclosed under Federal Rule of Civil Procedure 26(a)(2), and therefore their testimonies should be limited to the scope of their own diagnosis or treatment. ([Filing No. 54 at 2](#); [Filing No. 29-1](#).) Mr. Salesman contends that his Interrogatory Responses serve as a FRCP 26(a)(2) disclosure. ([Filing No. 59](#).) In response to Yellow Ambulance's request to "identify all medical care providers who have advised Plaintiff that the acts, negligence and/or omissions of Defendant caused or contributed to Plaintiff's injuries," Mr. Salesman responded, "Plaintiff has not yet requested his orthopedic surgeon, Dr. Patrick D. Bauer to render an opinion as to the cause of Plaintiff's injuries but does believe that Dr. Bauer will state that the accident in question caused or

---

[1] For convenience of reference in this Entry, Defendants objections are listed in numerical order, despite the gaps in sequencitial order in [Filing No. 54](#).

contributed to Plaintiff's injuries." (Filing No. 59-1 at 4.) When asked to identify expert witnesses, Mr. Salesman stated that he "has not yet determined each and every expert witness he expects to call." *Id.* Dr. Patrick Bauer, ("Dr. Bauer"), is designated as a "Plaintiff's treating physician" on his witness list (Filing No. 57); however, Mr. Salesman explains that he also intends to solicit expert testimony from Dr. Bauer as to the issue of causation. (Filing No. 59.)

Yellow Ambulance moves to exclude the expert testimony of Plaintiff's "treating healthcare providers." (Filing No. 54.) Yellow Ambulance notes that only one witness – Eric Bauer, MBA, FP-C, CCP-C, C-NPT, the flight paramedic – was disclosed as an expert witness in July 2019. (Filing No. 29.) Because Eric Bauer did not treat Mr. Salesman, and Eric Bauer was disclosed as an expert, the Court assumes that Yellow Ambulance does not object to his expert testimony. Thus, the Court will analyze only Dr. Bauer's ability to testimony as an expert witness.

Federal Rule of Evidence 104 instructs that "[t]he court must decide any preliminary question about whether a witness is qualified … or evidence is admissible." Fed. R. Evid. 104(a). Federal Rule of Evidence 702 provides that expert testimony is admissible if:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or date; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. A party that intends to call an expert witness at trial must disclose that intention to other parties in advance of trial. Fed. R. Civ. P. 26(a)(2). Judge Richard Young succinctly explained the law governing Rule 26 disclosures for treating medical professionals in *Slabaugh v. LG Electronics USA, Inc.*, No. 1:12-cv-1020, 2015 WL 1396606, at *2 (S.D. Ind. Mar. 25, 2015):

> A party must disclose the identity of any expert witness it intends to use at trial. Fed. R. Civ. P. 26(a)(2)(A). That disclosure must include a full written report "if the witness is one retained or specially employed to provide expert testimony in the case …." Fed. R. Civ. P. 26(a)(2)(B). The 2010 Amendment to Rule 26 added

26(a)(2)(C), instructing that non-retained witnesses who happen to be experts must provide summary disclosures. A summary disclosure must state the subject matter of the expected evidence and a summary of the facts and opinions to which the witness will testify. Fed. R. Civ. P. 26(a)(2)(C). Whether an expert must provide a complete report under 26(a)(2)(B) or a less extensive summary under 26(a)(2)(C) depends on the expert's relationship to the issues involved in the litigation. *See Malibu Media, LLC v. Harrison*, No. 1:12-cv-01117, 2014 WL 6474065, at *2 (S.D. Ind. Nov. 19, 2014) (citing *Downey v. Bob's Disc. Furniture Holdings, Inc.*, 633 F.3d 1, 6 (1st Cir. 2011)). Treating physicians, for example, often have firsthand knowledge of the events giving rise to the litigation and typically are not "retained or specially employed to provide testimony." *Id.* In such cases, the treating physician need only provide a 26(a)(2)(C) summary disclosure so long as the testimony does not exceed the scope of observations made during treatment. *Id.*; *see also Brunswick v. Menard, Inc.*, No. 2:11-cv-247, 2013 WL 5291965, at *3-4 (N.D. Ind. Sept. 19, 2013) (explaining that under the amended Rule 26, any physician who intends to testify must submit, at the very least, a summary report; and whether such testimony calls for a full expert report depends on the breadth of the testimony); *accord Crabbs v. Wal-Mart Stores, Inc.*, No. 4:09-cv-519-RAW, 2011 WL 499141, at *3 (S.D. Iowa Feb. 4, 2011) (recognizing that amendments to Rule 26 supersede prior cases requiring full expert reports from non-retained experts who intend to present opinion testimony).

Likewise, a treating physician disclosed under 26(a)(2)(C) may provide causation testimony if he or she formed such opinions during the course of treatment. *See EEOC v. AutoZone, Inc.*, 707 F.3d 824, 833 (7th Cir. 2013) (citing the holding in *Meyers v. Nat'l R.R. Passenger Corp.*, 619 F.3d 729, 734-35 (7th Cir. 2010); *see also Brunswick v. Menard, Inc.*, No. 2:11-cv-247, 2013 WL 5291965, at *3-4 (N.D. Ind. Sept. 19, 2013). In *Meyers*, the Court of Appeals for the Seventh Circuit held:

> [A] treating physician who is offered to provide expert testimony as to the cause of the plaintiff's injury, *but who did not make that determination in the course of providing treatment*, should be deemed to be one "retained or specially employed to provide expert testimony in the case," and thus is required to submit an expert report in accordance with Rule 26(a)(2).

619 F.3d at 734-35 (emphasis added in *Slabaugh*). Although *Meyers* preceded the 2010 Amendment, the summary disclosure mandate of 26(a)(2)(C) creates a minimum requirement for non-retained experts and thus does not disturb the holding in *Meyers*. *See Brunswick*, 2013 WL 5291965, at *4 (explaining the purpose of the amendment). Therefore, the scope of treatment provided by Plaintiff's treating physicians governs the extent to which they may testify on issues of causation, not whether they intend to provide opinion testimony.

*Slabaugh* at *2.

Here, Mr. Salesman responded in an interrogatory that he believed "Dr. Bauer will state that the accident in question caused or contributed to Plaintiff's injuries." ([Filing No. 59-1 at 4](Filing No. 59-1 at 4).) In the same document, Mr. Salesman declined to expressly identify Dr. Bauer as an expert witness. Mr. Salesman believes this document satisfies the requirement of Rule 26(a)(2)(C), but the Court disagrees. Mr. Salesman has not provided any information on the scope or nature of treatment, or a summary of the treating physicians expected testimony, so the Court cannot determine whether any opinions concerning causation were formed during the course of treatment. A summary disclosure must state:

> (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and
>
> (ii) a summary of the facts and opinions to which the witness is expected to testify.

Fed. R. Civ. P. 26(a)(2)(C). This requirement is substantially less than the full expert report required by Rule 26(a)(2)(B). Thus, "[c]ourts must take care against requiring undue detail, keeping in mind that these witnesses have not been specially retained and may not be as responsive to counsel as those who have." Fed. R. Civ. P. 26(a) advisory committee's note (2010). On the other hand, to guard against the prejudice of unfair surprise on opposing parties, and for Rule 26(a)(2)(C) to have any meaning, summary disclosures must contain more than a passing reference to the care a treating physician provided. *Slabaugh* at *3 (citing *Hayes v. Am. Credit Acceptance, LLC*, No. 13-2413-RDR, 2014 WL 3927277, at *3 (D. Kan. Aug. 12, 2014). "They must clearly identify the witness, state the subject matter of the expected testimony, and summarize actual opinions." *Id.* (citations omitted).

Mr. Salesman argues "by the specific naming of Dr. Bauer, the fact of his treatment, and the anticipation of his opinion as to causation" is sufficient to comply with Rule 26. ([Filing No.

59 at 2.) However, the one-sentence answer to the interrogatory does not provide sufficient detail to give Yellow Ambulance notice of the facts and opinions Dr. Bauer would testify to as an expert. Mr. Salesman states that he "expected" the doctor to testify that the accident caused his injury, but he does not state what facts the doctor relied on to form this opinion. Moreover, the interrogatory response fails to even state that Mr. Salesman intends to call Dr. Bauer as an expert. In the very next question of the interrogatory, Yellow Ambulance asked Mr. Salesman to identify the witnesses he planned to call as experts, and he declined to name Dr. Bauer. This passing reference to causation is not a sufficient expert disclosure under Rule 26(a)(2)(C).

Failure to comply with the disclosure requirements set forth in Rule 26(a) results in the exclusion of improperly disclosed witnesses unless the failure was substantially justified or harmless. Fed. R. Civ. P. 37(c). However, the Court has broad discretion in determining whether an error is harmless or justified, but it should consider "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." *Banister v. Burton*, 636 F.3d 828, 833 (7th Cir. 2011) (quoting *Westefer v. Snyder*, 422 F.3d 570, 585 n. 21 (7th Cir. 2005)).

Mr. Salesman does not address why he failed to properly disclose Dr. Bauer as an expert on causation or whether his failure to comply with Rule 26(a)(2)(C)'s disclosure requirements was substantially justified or harmless. Although there is no indication that Mr. Salesman acted in bad faith, the failure to properly disclose is clearly prejudicial. Mr. Salesman is aware of the requirements for expert disclosures and the possible sanctions for failure to comply with this rule. This Court previously granted him leave to file a belated expert disclosure for Eric Bauer, which complied with the requirements of Rule 26 and imposed a financial sanction. (*See* Filing No. 37 at

7

2)[2]. This case is fast approaching the eve of trial and Mr. Salesman has again failed to comply with Rule 26. Merely naming Dr. Bauer as a potential expert and offering "the anticipation of his opinion as to causation" is woefully insufficient. The Court finds that Mr. Salesman's inadequate disclosure is neither substantially justified nor harmless. Because Dr. Bauer may have personal knowledge about Mr. Salesman's medical treatment, he is permitted to testify as a fact witness, but will not be allowed to give any expert opinion testimony on causation. Yellow Ambulance's Motion *in Limine* is **granted** and Dr. Bauer may not give expert testimony.

### 2. Expert Opinions Outside the Scope of Expert Disclosure

Yellow Ambulance moves the Court to limit the subject matter of expert witnesses' testimony to what is discussed in Mr. Salesman's disclosure of those experts. (Filing No. 54 at 2-3.) As required by Fed. R. Civ. P. 26(a)(2), Mr. Salesman's expert, Eric Bauer, will only be allowed to opine on issues discussed in his expert disclosure. Yellow Ambulance's Motion on this issue is **granted**.

### 3. Lay Witnesses Offering Expert Opinions

Yellow Ambulance moves the Court to exclude any opinion testimony from lay witnesses. Fed. R. Evid. 701 limits the opinion testimony a lay witness is allowed to give to one that is "rationally based on the witness's perception," "helpful to clearly understanding the witness's testimony or to determining a fact in issue," or "not based in scientific, technical, or other specialized knowledge." The Court will observe and enforce this rule at trial. Yellow Ambulance's Motion on this issue is **granted**.

---

[2] To avoid too harsh a result under the circumstances, the court granted in part and denied in part "Mr. Salesman's motion to file a belated expert report (Dkt. 29) as follows: The plaintiff is given an extension until September 6, 2019, to serve an expert report that complies with Rule 26, BUT ONLY on the condition that he first pay the defendant its reasonable attorney fees incurred in preparing the motion for summary judgment and brief in support." (Filing No. 37 at 2.)

### 4. Hearsay Statements of Healthcare Providers

Yellow Ambulance asserts that "[a]ny alleged out of court statement by the plaintiff's treating physician is hearsay." ([Filing No. 54 at 4](#).) This statement is strictly true but misleading. While a treating physician's statements out of court are hearsay, they are often admissible under Fed. R. Evid. 803(4), the hearsay exception for a statement that "is made for—and is reasonably pertinent to—medical diagnosis" or "describes medical history; past or present symptoms or sensations; their inception; or their general cause." Given this exception, the Court declines to issue a ruling that all out of court statements of Mr. Salesman's treating physician are inadmissible hearsay. Yellow Ambulance's Motion on this issue is **denied**.

### 5. Evidence of Insurance or Coverage

Yellow Ambulance asks the Court to exclude "evidence regarding liability insurance." ([Filing No. 54 at 4-5](#).) Fed. R. Evid. 411 states that "[e]vidence that a person was or was not insured against liability is not admissible to prove whether the person acted negligently or otherwise wrongfully." The Court will observe and enforce this rule at trial. Yellow Ambulance's Motion on this issue is **granted**.

### 6. Other Lawsuits or Allegations of Negligence against Yellow Ambulance

Yellow Ambulance moves to exclude evidence of "[u]nrelated claims, incidents or lawsuits involving Yellow Ambulance and/or its employees and staff," arguing such evidence would violate Fed. R. Evid. 401's relevance requirement. ([Filing No. 54 at 5-6](#).) The Court agrees. Yellow Ambulance's Motion on this issue is **granted**.

### 7. Reference to Mr. Salesman or his Family as "Victims"

Yellow Ambulance asks the Court to preclude Mr. Salesman from referring to himself or his family as "victims," arguing any such reference incorrectly implies the existence of a criminal

legal proceeding and would inflame the jury. *Id.* at 6-7. Absent any argument to the contrary, Yellow Ambulance's Motion on this issue is **granted**.

### 8. Expert Reports

Yellow Ambulance moves the Court to prohibit Mr. Salesman from admitting expert reports and disclosures into evidence, arguing they are inadmissible hearsay. Yellow Ambulance is correct to point out that Rule 26(a)(2) states that reports of testifying expert witnesses are hearsay. *Henriksen v. U.S.*, 2011 WL 13239142 at *1 (N.D. Ill. Apr. 29, 2011). Mr. Salesman has not indicated he intends to offer any expert reports into evidence at trial. Thus, Yellow Ambulance's Motion is **granted** on this issue.

### B. Mr. Salesman's Motion *in Limine* ([Filing No. 55](Filing No. 55))

Mr. Salesman's Motion *in Limine* addresses thirteen issues: (1) character evidence not related to truthfulness; (2) any reference to the fact that Mr. Salesman objected to interrogatories or document requests or asserted a claim of privilege; (3) any speculation or argument about the substance of the testimony of any witness who is absent or unavailable; (4) any reference to existence of this Motion *in Limine* or the fact that Mr. Salesman has sought to exclude evidence; (5) any reference to Mr. Salesman's receipt of benefits from a collateral source such as health insurance; (6) any reference that a recovery may or may not be subject to taxes, federal or otherwise; (7) any insinuation that an individual Defendant may have to personally pay any judgment entered in this case; (8) any reference to any unrelated prior or subsequent claims, suits, or settlements; (9) any reference to the time or circumstance under which Mr. Salesman employed a lawyer, or that the result of the lawsuit will be to compensate Mr. Salesman's lawyers; (10) any reference to the effect or results of a claim, suit, or judgment upon the insurance rates of a party; (11) any reference to Mr. Salesman's pre-existing leg problems; (12) any reference to Mr.

Salesman's pre-existing neck or back problems; and (13) any reference to the fact that Mr. Salesman was over treated or received unnecessary treatment or was negligent in the way he sought treatment. (Filing No. 55.)

Yellow Ambulance concedes issues (2), (4), (6), (7), (8), (9), and (10). (Filing No. 58.) Thus, Mr. Salesman's Motion is **granted** as to those issues. The Court addresses the remaining issues below.

### 1. Character Evidence not Related to Truthfulness

Mr. Salesman believes Yellow Ambulance intends to cross examine him and his witnesses about alleged bad acts that do not relate to truthfulness, one example being Mr. Salesman's recovery from addiction. (Filing No. 55.) He argues this evidence is inadmissible under Fed. R. Evid. 608(b). Yellow Ambulance responds that Mr. Salesman's prior drug use is relevant to the issues of contributory negligence, causation, and damages. (Filing No. 58.)

Yellow Ambulance intends to offer evidence that on May 15, 2016, the date of his injury, Mr. Salesman was admitted to the hospital after overdosing on his own Neurontin. (Filing No. 58-2.) He tested positive for amphetamines and opiates. *Id.* This evidence is material to this case because it might explain, for example, why Mr. Salesman did not comply with the Yellow Ambulance crew's instructions. Evidence of his drug use or the drug use of his son—the only witness to his alleged injury—is also relevant with respect to their ability to recall the events to which they may offer testimony.

The Court will not issue a blanket exclusion of evidence of Mr. Salesman or his son's drug use under Fed. R. Evid. 608. Yellow Ambulance may not offer evidence "to prove specific instances of a witness's conduct in order to attach or support the witness's character for truthfulness." However, it may offer that evidence that is material to the elements of Mr.

11

Salesman's claim. Mr. Salesman's Motion is **denied** as to the issue of character evidence not related to truthfulness.

### 3. Speculation about the Testimony of Unavailable Witnesses

Mr. Salesman asks the Court to exclude "[a]ny speculation or argument about the substance of the testimony of any witness who is absent or unavailable, or whom Plaintiff did not call to testify." (Filing No. 55.) He offers no justification or rationale for the request. Yellow Ambulance responds that, because Mr. Salesman has not identified any witness who will be absent or unavailable at trial, it is unable to give an informed reply. Because Mr. Salesman does not identify any witnesses who will be unavailable to testify at trial, and because he does not cite a rule of evidence or a case in support of his Motion, the Court **denies** it as to this issue.

### 5. Reference to Mr. Salesman's Benefits from a Collateral Source

Mr. Salesman asks the Court to exclude

[a]ny reference to the receipt by Plaintiff, or his entitlement to receive, benefits of any kind from a collateral source, including the following: health or life insurance coverage; unemployment benefits; government benefits such as Social Security, Medicaid, Medicare, other benefits; workers' compensation benefits; free medical services; "comp time"; or any other benefits.

(Filing No. 55 at 2.) Again, he cites no case or rule in support of this request. Yellow Ambulance responds that the only collateral benefit it intends to raise at trial is Mr. Salesman's receipt of Social Security Disability benefits. (Filing No. 58 at 4.) The origin of these benefits reveals a previous workplace injury from 1998 that has saddled Mr. Salesman with "chronic pain daily." (Filing No. 58-9.) Yellow Ambulance asserts this previous injury is relevant to damages, and the Court agrees. Thus, Mr. Salesman's Motion is **denied** as to this issue.

12

**11. and 12.    Reference to Mr. Salesman's Pre-existing Leg, Neck, or Back Problems**

Mr. Salesman seeks to preclude Yellow Ambulance from admitting evidence of his prior leg, neck, or back pain. Once again, he cites no case or rule in support of this request. The Court **denies** the Motion *in limine* as to these issues because his past health problems may be relevant to the issue of damages.

**13.    Reference to the Fact that Mr. Salesman was Over Treated, Unnecessarily Treated, or Negligent in Seeking Treatment**

Mr. Salesman asks the Court to exclude "[a]ny reference to the fact that Plaintiff was over treated or received unnecessary treatment or was negligent in the way he sought treatment because such evidence would be irrelevant." ([Filing No. 55 at 2](#).)  He cites no rule, but the Court will assume he is asking for exclusion under Fed. R. Evid. 401 because he mentions relevance. Yellow Ambulance responds that evidence of Mr. Salesman's negligence in seeking treatment could be relevant depending on how other evidence and argument goes. For example, if Mr. Salesman argues at trial that he needs future treatment for his injuries, his testimony that he has no intention of making an appointment with a healthcare provider would rebut that theory. The Court agrees that the evidence could be relevant depending on what the parties argue at trial. Thus, it reserves ruling on this issue. Mr. Salesman's Motion is **denied**.

## IV.    CONCLUSION

For the foregoing reasons, Yellow Ambulance's Motion *in Limine* ([Filing No. 54](#)) is **GRANTED IN PART AND DENIED IN PART**. The Motion is **granted** as to the following issues: (1) treating healthcare providers may not testify beyond the scope of their own diagnosis and treatment; (2) Plaintiffs' retained expert may not offer opinions outside the scope of his disclosures; (3) lay witnesses may not offer expert opinions; (5) evidence of insurance or coverage is excluded; (6) other lawsuits or allegations of negligence involving Yellow Ambulance is

excluded; (7) reference to Mr. Salesman or his family as "victims" is excluded; and (8) expert reports will not be introduced into evidence. The Motion is **denied** as to the following issues: and (4) hearsay statements of healthcare providers where there is a hearsay exception.

Mr. Salesman's Motion *in Limine* ([Filing No. 55](Filing No. 55)) is **GRANTED IN PART AND DENIED IN PART**. The Motion is **granted** as to the following issues: (2) any reference to the fact that Mr. Salesman objected to interrogatories or document requests or asserted a claim of privilege; (4) any reference to existence of this Motion *in Limine* or the fact that Mr. Salesman has sought to exclude evidence; (6) any reference that a recovery may or may not be subject to taxes, federal or otherwise; (7) any insinuation that an individual Defendant may have to personally pay any judgment entered in this case; (8) any reference to any unrelated prior or subsequent claims, suits, or settlements; (9) any reference to the time or circumstance under which Mr. Salesman employed a lawyer, or that the result of the lawsuit will be to compensate Mr. Salesman's lawyers; and (10) any reference to the effect or results of a claim, suit, or judgment upon the insurance rates of a party. The Motion is **denied** as to the following issues: (1) relevant character evidence not related to truthfulness; (3) any speculation or argument about the substance of the testimony of any witness who is absent or unavailable; (5) any reference to Mr. Salesman's receipt of benefits from a collateral source such as health insurance; (11) any reference to Mr. Salesman's pre-existing leg problems; (12) any reference to Mr. Salesman's pre-existing neck or back problems; and (13) any reference to the fact that Mr. Salesman was over treated or received unnecessary treatment or was negligent in the way he sought treatment.

A motion *in limine* is not a final appealable order. If either party believes that evidence preliminarily deemed inadmissible (or admissible) should be challenged, counsel may request a hearing outside the presence of the jury for a determination on that challenge.

**SO ORDERED.**

Date: 1/15/2020

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Nicholas R Hart
PHILLIPS PARKER ORBERSON & ARNETT, PLC
nhart@ppoalaw.com

John M. Mayer, Jr.
LAW OFFICE OF JOHN M. MAYER
reyam2222@aol.com